IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IMAD ATA SIHWAIL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | |
| VS. | : | **7: 14-CV-00064 (HL)** |
| | : | 28 U.S.C. § 2255 |
| | : | **7: 10-CR-11 (HL)** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 was filed April 28, 2014.  (Doc. 79).  After an initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court ordered the United States Attorney to file an Answer or other responsive pleading.  (Doc. 82).  The United States Attorney filed its Response on July 14, 2014.  (Doc. 83).  Petitioner's Motion is now before this Court for a recommendation pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings.

**Procedural History**

Petitioner was indicted in this Court on June 9, 2010.  (Doc. 1).  The indictment charged Petitioner with one count of bank robbery by force or violence, and one count of possession of a firearm by a convicted felon.  Petitioner was represented by Christina Hunt of the Federal Defenders Office and then by Rick Collum, a CJA panel attorney.  On December 20, 2011, Petitioner entered into a Plea Agreement with the Government and pled guilty to Count One of the indictment, bank robbery.  (Docs. 55, 56).  Pursuant to Rule 20 of the Federal Rules of Criminal

Procedure, Petitioner entered guilty pleas for two additional bank robbery cases, one arising in the District of South Carolina and one arising in the Southern District of Georgia. (Docs. 55, 56). Petitioner was sentenced to a total term of imprisonment of 230 months on March 26, 2012. (Docs. 61, 63); *see also* Case Nos. 7:11-CR-41 (HL) (M.D. Ga.), 7:11-CR-42 (HL) (M.D. Ga.).

Petitioner filed a Notice of Appeal on April 5, 2012. (Doc. 65). His convictions and sentences were affirmed by the Court of Appeals for the Eleventh Circuit on February 7, 2013. (Doc. 77).

## Petitioner's § 2255 Claims

In his § 2255 motion, Petitioner alleges that his counsel, Christina Hunt and Rick Collum, were ineffective for failing to adequately investigate the case, that Rick Collum was ineffective for failing to investigate witnesses and present evidence at sentencing, and that Rick Collum rendered ineffective assistance of counsel on appeal. (Docs. 79, 79-1).

## Discussion

Section 2255 provides that:

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. If a prisoner's 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

In order to establish that his counsel's representation was constitutionally defective, the

2

Petitioner must show (1) that his counsel's representation was deficient, and (2) that the Petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). "In the context of a guilty plea, the first prong of *Strickland* requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea." *Woolsey v. United States*, 2011 WL 195412, *2 (M.D.Fla., Jan. 20, 2011) (citing *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985)). "Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea." *Sinkfield v. United States*, 2013 WL 2659925, *5 (S.D. Ga. June 10, 2013) (citing *United States v. Broce*, 488 U.S 563, 574 (1989)).

The Constitution requires "that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" *U.S. v. Ruiz*, 536 U.S. 622, 629 (2022) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). A court accepting a guilty plea must ensure that a defendant "(1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *U.S. v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (internal enumeration omitted). The Supreme Court has determined that "the representations of the defendant [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner appeared before the Honorable Hugh Lawson, U.S. District Judge, on December 20, 2011 to enter guilty pleas to the charges of bank robbery. (Doc. 73). The Court placed Petitioner under oath and proceeded to inform Petitioner as to the charges to which Petitioner was pleading guilty, the maximum terms of imprisonment, and the maximum possible fine associated with the charges. (*Id.* at p. 2, l. 25 – p. 6, l. 13). Petitioner testified that he understood the charges and the possible penalties that could be imposed. (*Id.*).

The Court then asked Petitioner and his counsel a series of questions regarding counsel's representation and whether Petitioner and counsel had discussed Petitioner's constitutional rights, the charges, possible penalties, and defenses. (*Id.* at pp. 6-8). Petitioner responded that he understood the range of penalty applicable to the cases and that his counsel, Mr. Collum, had discussed the facts, range of penalty, and possible defenses with Petitioner. (*Id.*).

> THE COURT: You are represented today by Attorney Rick Collum, are you not?
> THE DEFENDANT: Yes, sir, I am.
> THE COURT: Have you had sufficient to (sic) time to talk with Mr. Collum and to consult with him about these cases?
> THE DEFENDANT: Yes, sir.
> THE COURT: Has he done for you as your lawyer all that you want him to do?
> THE DEFENDANT: Yes, sir.
> THE COURT: Are you satisfied with his services?
> THE DEFENDANT: Very much so, yes, sir.
> THE COURT: Have you and he discussed the facts of these cases?
> THE DEFENDANT: Yes, sir, we have, numerous times.
> THE COURT: Have you discussed the range of penalty that's possible in each case?
> THE DEFENDANT: Yes, sir, he let me know.
> THE COURT: Have you and he considered any defenses which you may have to these charges?
> THE DEFENDANT: Hmm, I'm sorry, I don't understand the question.

>    THE COURT:   My question was: Have you and your lawyer
> considered any defenses which you may have to the charges?
> THE DEFENDANT:   Oh, yes, sir.   Yes, sir.
> THE COURT:   I'm not saying there are any, but --
> THE DEFENDANT:   I understand.
> THE COURT:   -- that's something that he should have discussed
> with you.
> THE DEFENDANT:   Yes, he has.
> THE COURT:   And has he talked to you about your rights under
> the Constitution of the United States?
> THE DEFENDANT:   Yes, sir, he has.

(*Id.* at p. 6, l. 20 – p. 8, l. 1).

Petitioner was informed as to his rights to a jury trial and was questioned regarding his understanding of the plea process in general. (*Id.* at pp. 9-11, 19). Petitioner stated that he was pleading guilty freely and voluntarily, with no one having threatened or attempted to force him to plead guilty. (*Id.* at p. 11, ll. 7-12).

The Government read the Stipulation of Fact in Petitioner's Plea Agreement, and Petitioner affirmed that he understood the stipulation, agreed with the stipulation, and admitted that it was true, truly describing what took place and his conduct in this case. (*Id.* at p. 13, l. 21 – p. 16, l. 25, p. 17, ll. 12-24). Both Petitioner and Mr. Collum affirmed for the Court that the Plea Agreement was in fact the agreement reviewed by Petitioner and counsel, Petitioner testified that he read every word of the plea agreement "numerous times", that Petitioner had signed the agreement, and that Petitioner had initialed each page of the agreement. (*Id.* at p. 17, l. 25 – p. 19, l. 4). The Court ultimately accepted Petitioner's guilty plea, finding that there was a factual basis for the guilty plea, that Petitioner was guilty, and that the pleas were freely and voluntarily entered. (*Id.* at p. 8, ll. 15-25, p. 22, ll.1-4).

"A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of

competent counsel, waives all *nonjurisdictional* defects in that defendant's court proceedings." *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984) (emphasis in original).  Upon the entry of a guilty plea, a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

In his Motion to Vacate, Petitioner has asserted claims of ineffective assistance of counsel as to Christina Hunt and Rick Collum that arose prior to his change of plea.  (Doc. 79).  These claims have no bearing on the issue of jurisdiction, and thus have been waived by Petitioner's guilty plea.  *See Yunis*, 723 F.2d at 769; *Sinkfield*, 2013 WL 2659925 at *6.  Furthermore, Petitioner does not assert that his pleas were not knowingly and voluntarily entered.  As shown above, the evidence is that Petitioner's pleas of guilty were knowingly and voluntarily entered, and Petitioner testified that he was "very" satisfied with the representation he received from his counsel.  Petitioner's claim that counsel was ineffective prior to the change of plea hearing is belied by his statements made during the plea colloquy.  *See Blackledge*, 431 U.S. at 73-74 ("Solemn declarations in open court carry a strong presumption of verity."); *Tollett*, 411 U.S. at 267 ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Accordingly, Petitioner has failed to establish that either Christina Hunt or Rick Collum rendered ineffective assistance regarding alleged conduct that occurred prior to the entry of Petitioner's guilty pleas.

**Conclusion**

Petitioner has failed to show that either of his attorneys rendered ineffective assistance of counsel prior to his pleas of guilty. Thus, it is the recommendation of the undersigned that Petitioner's claims that counsel Christina Hunt and Rick Collum provided ineffective assistance of counsel prior to the entry of his pleas of guilty be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable High Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

*Evidentiary Hearing*

"It is the general rule in this circuit that effective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." *Vicks v. U.S.*, 730 F.2d 707, 708 (11th Cir. 1984). However, a "hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. U.S.*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. U.S.*, 588 F.2d 519 (5th Cir. 1979)).

As discussed above, the Court finds that Petitioner's claims of ineffective counsel prior to

the entry of his guilty pleas are affirmatively contradicted by the record.   Thus, no evidentiary hearing is necessary regarding those claims.   However, the Court finds that it is necessary to hold an evidentiary hearing regarding Petitioner's remaining claims: (1) that attorney Rick Collum rendered ineffective assistance of counsel by failing to investigate potential witnesses and evidence to present at sentencing, and (2) that attorney Rick Collum rendered ineffective assistance of counsel on appeal.   A limited evidentiary hearing is necessary in this case for these two issues only.

The Court will consider appointing counsel to represent the Petitioner for purposes of such evidentiary hearing only.   The Clerk of Court is **DIRECTED** to forward to Petitioner a CJA 23 financial affidavit form.   Petitioner is **DIRECTED** to complete that form and return it to the Court, so that the Court may consider whether the Petitioner qualifies financially for appointed counsel.   The Court will thereafter schedule an evidentiary hearing on the above two issues.   The Petitioner is directed to provide the Court with the completed CJA 23 financial affidavit form within **THIRTY (30) DAYS** of the date of this Order.

*Motion to Expand the Record (Doc. 80)*

Petitioner has also filed a Motion to Expand the Record, requesting the Court to include in the record the "affidavit" of Rick Collum and Petitioner's Declaration.   It appears Petitioner is referencing the Declaration that is attached to his §2255 Motion.   (*See* Doc. 79-1).   The Court ordered Respondent to file a response to Petitioner's Motion to Expand the Record.   (Doc. 82).   Respondent filed a Response, stating that Respondent has no objection to the Court's consideration of the "affidavit" of Rick Collum, and making no mention of Petitioner's Declaration.   (Doc. 84).

After consideration of Petitioner's Motion to Expand the Record, the Motion is **GRANTED-IN-PART AND DENIED-IN-PART** as follows: Petitioner's Declaration (Doc. 79-1) is hereby made part of the record, and considered evidence.  The Court finds, however, that the "affidavit" does not state that Rick Collum is competent to testify in this matter or that the statements are based on his own personal knowledge.  Thus, the "affidavit" is not considered evidence at this time.  *See e.g* Fed. R. Civ. P. 56(c)(4) (an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

**SO ORDERED AND RECOMMENDED**, this 20th day of August, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf